74 F.3d 1246
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
R.C. HEDREEN CO., Plaintiff-Appellant,
v.
The CITY OF SEATTLE, Defendant-Appellee.
 No. 94-35772.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 8, 1996.
Decided Jan. 22, 1996.
 
 Before: BROWNING, WRIGHT and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The district court granted summary judgment, ruling that the vesting doctrine did not entitle Hedreen to have its building permit applications processed as if the moratorium on landmarks proceedings continued throughout the life of the permits. Upon de novo review we affirm.
 
 THE WASHINGTON VESTED RIGHTS DOCTRINE
 
 3
 Hedreen argues that the resumed landmarks proceedings violated its vested rights, and that the landmarks ordinance improperly preempts the state's vested rights doctrine.[1] Under this doctrine, a developer has a right to have its building permit applications processed according to the zoning and building ordinances in effect at the time the applications are submitted, regardless of subsequent changes in land use regulations. RCW 19.27.095(1); Erickson & Assocs. v. McLerran, 872 P.2d 1090, 1092-93 (Wash.1994); West Main Assocs. v. Bellevue, 720 P.2d 782, 785 (Wash.1986). The doctrine seeks primarily to allow developers to determine or "fix" the rules that will govern their land development. Id. at 785. It also "aims at ensuring that new land-use ordinances do not unduly oppress development rights, thereby denying a property owner's right to due process under the law." Valley View v. Redmond, 733 P.2d 182, 192 (Wash.1987).
 
 
 4
 APPLICATION OF DOCTRINE TO LANDMARKS PROCEEDINGS AND ORDINANCES
 
 
 5
 The vested rights doctrine protects developers against the effect of new regulations, not proceedings authorized by existing regulations. The Theatre had been designated as a landmark under an earlier procedure before Hedreen applied for its permit. The City's decision not to act on that designation had led to the four year moratorium. With the landmark process already begun, a further designating ordinance is not the type of land use regulation against which the doctrine protects.[2] Such designating ordinances are part of the landmarks ordinance, enacted "pursuant to the procedures set forth" in the ordinance. SMC 25.12.650. They are merely legislative enactments of the City Council's decisions on landmarks proceedings, and apply only to the landmarks considered in such proceedings.
 
 
 6
 The vesting doctrine guaranteed continued application of the ordinances in effect at the time Hedreen applied for its building permits. The landmarks ordinance then in effect allowed for a resumption of landmarks proceedings after a four-year moratorium.[3] As the district court aptly stated, "The vesting doctrine did not operate to freeze the moratorium in place.... Thus, the vesting doctrine would not make a later resumption of landmark activity, after the moratorium expired, illegal." Hedreen was not entitled to a moratorium for the life of its permits, and the City's landmarks proceedings did not violate its vested rights.
 
 PREEMPTION OF VESTED RIGHTS DOCTRINE
 
 7
 Hedreen also contends that the landmarks ordinance improperly preempted the vested rights doctrine by deferring vesting to a point after the submission of building permit applications. It relies on West Main Assocs. and Adams v. Thurston County. In West Main Assocs., the city had imposed a number of conditions on building permit applications before they were deemed vested. 720 P.2d at 784. The Washington Supreme Court found that these conditions improperly preempted the vesting doctrine by allowing the city to enact new ordinances in response to permit applications while vesting was held at bay. Id. at 785-86. In Adams, the Washington Court of Appeals similarly found that a county ordinance violated the vested rights doctrine by delaying the vesting of plat applications until final environmental impact statements were completed. 855 P.2d 284, 290-91 (Wash.App.1993).
 
 
 8
 These cases are inapposite. The landmarks ordinance does not delay or place any conditions on vesting. Nor does it grant the City discretion to determine the date of vesting. Hedreen's permit applications vested immediately upon filing. They were subject to the possibility of renewed proceedings and the possibility of an accompanying designating ordinance, but were fully vested with respect to new land use regulations. See Matson v. Clark County Bd. of Comm'rs, 904 P.2d 317, 321 (Wash.App.1995) (finding that ordinance did not violate vested rights doctrine where it did not alter the vesting point of a developer's application or reserve the ability to change the rules in response to the application).
 
 
 9
 The landmarks ordinance did create a degree of uncertainty for Hedreen. The vesting doctrine, however, does not protect against all uncertainty, but seeks only to limit it by making newly-enacted regulations inapplicable. See West Main Assocs., 720 P.2d at 786 ("[A] vested right does not guarantee a developer the ability to build. A vested right merely establishes the ordinances to which a building permit and subsequent development must comply."). The landmarks ordinance does not preempt the state's vested rights doctrine.
 
 CONCLUSION
 
 10
 Hedreen asks us to broaden the scope of the vesting doctrine to cover the proceedings and designating ordinances authorized by the landmarks ordinance. The Washington Supreme Court has recently expressed its unwillingness to expand the doctrine, which is one of the most protective of developers' rights in the country. Erickson, 872 P.2d at 1096-97. We too are unwilling to expand it and we decline Hedreen's invitation.
 
 
 11
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Hedreen stipulated that the question before the district court was, "Based on the assumed facts, was Hedreen entitled by the vesting doctrine to have its permit applications processed as if the moratorium continued throughout the life of the permits?" It also agreed that its claims should be dismissed if the court ruled against it on this question. We address the vesting issue in the context of this question
 
 
 [2]
 The landmarks ordinance defines "designating ordinance" as "an ordinance enacted pursuant to this chapter for the purpose of declaring an object, improvement or site a landmark, or a landmarks site, and specifying the controls and any economic incentives applicable thereto...." SMC 25.12.110
 
 
 [3]
 Hedreen argues that it "vested to a moratorium on landmarks proceedings and to the absence of a designating ordinance." Evidently it wants its permits vested under the part of the moratorium provision authorizing a four-year prohibition on landmarks proceedings, but not to the part of the provision authorizing a resumption of proceedings after the preordained expiration of the moratorium